UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| ALEXSIS WEBB and MARSCLETTE CHARLEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INJURED WORKERS PHARMACY, LLC,<br><br>Defendant. | Case No. 1:22-cv-10797-RGS |

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT AND CONDITIONALLY
CERTIFYING SETTLEMENT CLASS

WHEREAS, the above-styled Action was filed on May 24, 2022 against Defendant Injured Workers Pharmacy, LLC ("Defendant" or "IWP"). Alexsis Webb and Marsclette Charley ("Plaintiffs"), individually and on behalf of the Settlement Class (defined below) reached an agreement with IWP settling their related claims, as set forth in more detail in the Settlement Agreement and Release ("Settlement Agreement");

WHEREAS, Plaintiffs individually and on behalf of themselves and on behalf of all others similarly situated and the proposed Settlement Class (defined below), and Defendant (collectively, the "Settling Parties"), have entered into a Settlement Agreement and resolving the Action, subject to Court approval;

WHEREAS, the Action was settled as a result of arm's-length negotiations overseen by a neutral third-party mediator, investigation, informal discovery, and formal discovery sufficient to permit counsel and the Court to act knowingly, and counsel are well experienced in similar class action litigation; and

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS

WHEREAS, Named Plaintiffs, the proposed Class Representatives, have moved the Court for entry of an Order Granting Preliminary Approval of Class Action Settlement and Conditionally Certifying Settlement Class ("Preliminary Order") approving the Settlement, conditionally certifying the Settlement Class for settlement purposes only, and approving the form and method of notice upon the terms and conditions set forth in the Settlement Agreement, together with all exhibits thereto.

WHEREAS, all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby stayed.

WHEREAS, the Court having considered the Settlement Agreement, together with all exhibits thereto and records in this case, and the arguments of counsel and for good cause appearing, **HEREBY ORDERS** as follows:

## I. CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS

1. Named Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement is GRANTED. The terms defined in the Settlement Agreement shall have the same meanings in this Order.

2. Having made the findings set forth below, the Court conditionally certifies the following Class (comprised of the "Nationwide Class," hereinafter "Settlement Class") for settlement purposes only:

> All individuals residing in the United States for whom Defendant has contact information and/or identifying information, such as date of birth or Social Security number, whose Personal Information was potentially compromised in the Data Incident disclosed by Injured Workers Pharmacy in February 2022.

3. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

4. For settlement purposes only, with respect to the Settlement Class, the Court preliminary finds the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Settlement Class Members predominate over any potential individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5. The Court hereby appoints Plaintiffs Alexsis Webb and Marsclette Charley as Class Representatives for the Settlement Class.

6. The Court hereby appoints David K. Lietz of Milberg Coleman Bryson Phillips Grossman PLLC and Raina C. Borrelli of Strauss Borrelli PLLC as Class Counsel.

## II. PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

7. The terms of the Settlement, including its proposed release, are preliminarily approved as within the range of fair, reasonable, and adequate, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, and are subject to further and final consideration at the Final Approval Hearing provided for below.

In making this determination, the Court considered the fact that the Settlement is the product of arm's-length negotiations facilitated by a neutral mediator and conducted by experienced and knowledgeable counsel, the current posture of the Action, the benefits of the Settlement to the Settlement Class, and the risk and benefits of continuing litigation to the Settling Parties and the Settlement Class.

8. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any party's position on the issue of class certification or any other issue in the case.

## III. NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS

9. The Court appoints Eisner Amper as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Settlement Agreement.

10. The Court has considered the Notice provisions of the Settlement, the Notice Program set forth in the Settlement Agreement and the Postcard (Short Form) Notice and Long Form Notice, attached as Exhibits A and B to the Settlement Agreement, respectively, and as further defined in the Settlement Agreement. The Court finds that the direct mailing of the Postcard Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Short Form Notice and Long Form Notice in the forms attached as

Exhibits A and B, respectively, to the Settlement Agreement. The Court orders the Settlement Administrator to commence the Notice Program following entry of this Order in accordance with the terms of the Settlement Agreement, *and will post the long and short form notices on the settlement website.*

11. The Court approves as to form and content the Claim Form attached as Exhibit C to the Settlement Agreement.

12. Settlement Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement Agreement and the Claim Form under which they are entitled to seek relief. The Claims deadline is 90 days after the Notice Date. All Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures of the Settlement Agreement and respective Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

## IV. REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

13. Each person wishing to opt out of the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office Box established by the Settlement Administrator. The written notice must clearly manifest the Settlement Class Member's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than 60 days after the Notice Date.

14. Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits of nor be bound by the terms of the Settlement.

15. Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement, including its releases, and all orders entered by the Court in connection therewith.

## V.  OBJECTIONS

16. Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any); (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

17. To be timely, written notice of an objection in appropriate form must be mailed and postmarked to the Clerk of Court at the address set forth in the Class Notice, no later than the Objection Date, 60 days after the Notice Date.

18. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, including its releases, the Order and Judgment approving the Settlement, and Class Counsels' motion for a Fee Award and Costs and Plaintiffs' Service Award.

## VI. THE FINAL APPROVAL HEARING

19. The Court will hold a Final Approval Hearing on [Date] 1/16/25, at [Time] 2:00 p.m. A.m., at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300 Boston, Massachusetts 02210, to consider: (a) whether certification of the Settlement Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (c) the application by Class Counsel for an award of attorneys' fees, costs and expenses as provided for under the Settlement; (d) the application for Named Plaintiffs' service awards as provided for under the Settlement; (e) whether the release of Released Claims as set forth in the Settlement should be provided; (f) whether the Court should enter the [Proposed] Final Order and [Proposed] Judgment; and (g) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing may, from time to time and without further notice to Settlement Class Members be continued or adjourned by order of the Court.

20. No later than 14 days prior to the Final Approval Hearing, the Plaintiffs shall file their Motion for Final Approval of Class Action Settlement and their Motion for Award of Attorneys' Fees and Expenses and Plaintiffs' Service Awards.

21. The related time periods for events preceding the Final Approval Hearing are as follows:

### SETTLEMENT TIMELINE

| **Grant of Preliminary Approval** | |
|---|---|
| IWP provides list of Settlement Class Members to the Settlement Administrator | 7 days after Preliminary Approval |
| IWP to Provide CAFA Notice Required by 28 U.S.C. § 1715(b) | Within 10 days of filing of the Preliminary Approval Motion |

| | |
|---|---|
| Long Form and Short Form Notices Posted on the Settlement Website | No later than 28 days after Preliminary Approval, or prior to the Settlement Website going live |
| Notice Date | 30 days after Preliminary Approval. |
| Reminder Notice | 60 days after Notice Date (if needed) |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | 14 days before Objection and Opt-Out Deadlines |
| Objection Deadline | 60 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Opt-Outs to Counsel for the Parties | 70 days after Notice Date |
| Motion for Final Approval | 14 days before Final Approval Hearing Date |
| Settlement Administrator Provides Court Notice of Opt-Outs and/or Objections (via declaration supporting Plaintiffs' Motion for Final Approval) | 14 days before Final Approval Hearing Date |
| **Final Approval Hearing** | 150 days after Preliminary Approval Order (at minimum) |

22. Any action brought by a Settlement Class Member concerning a Released Claim shall be stayed pending final approval of the Settlement.

IT IS SO ORDERED.

Dated: Aug. 9, 2024

_____
The Honorable Richard G. Stearns
United States District Court Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS