## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALEXSIS WEBB and MARSCLETTE CHARLEY, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> INJURED WORKERS PHARMACY, LLC, <br><br> Defendant. | Case No. 1:22-cv-10797-RGS <br><br> Judge Richard G. Stearns |

### JOINT DECLARATION OF PLAINTIFFS' COUNSEL IN SUPPORT OF
### MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

Raina C. Borrelli and David K. Lietz, being competent to testify, make the following declaration:

1.      We are counsel for Plaintiffs in the above-captioned case and have been appointed Class Counsel by this Court in the above-captioned action. We make this Declaration in support of Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service awards. We make this declaration based on our personal knowledge and/or upon information and belief of the matters set forth herein and based on our active participation in all material aspects of this litigation. If called upon to do so, we could and would testify competently thereto.

2.      Our experience and qualifications are outlined in our joint declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval.  ECF 53-2.

3.      Our work in this matter, and the work of others in our law firms involved investigating the cause and effects of the Injured Workers Pharmacy, LLC ("IWP") Data Incident, interviewing potential clients, evaluating the potential class representatives, contributing to the evaluation of the merits of the case before filing the Complaint; conducting legal research;

conducting extensive research into data security incidents and their causes and effects, conducting further extensive research into data security practices and standards across e-Commerce platforms and industries; drafting and filing the Complaint; briefing the response and opposition to Defendant's initial motion to dismiss; filing an appeal to the First Circuit; briefing and arguing the appeal; briefing the response and opposition to Defendant's renewed 12(b)(6) motion to dismiss; preparing and serving formal discovery requests and engaging in formal discovery; conducting informal pre-mediation discovery regarding the Data Incident; reviewed Defendant's documents produced and analyzed that information; drafting a detailed mediation summary, preparing for and participating in a formal mediation presided over by the Hon. Wayne Andersen (Ret.) from JAMS; engaging in extensive post-mediation settlement negotiations with Defendant over the course of weeks; drafting the settlement term sheet, the settlement agreement, the relevant notices of settlement, the Motion for Preliminary Approval, and this instant motion for attorneys' fees; communicating with defense counsel; updating and handling questions from our class representatives; overseeing the launching of the notice program with substantial interaction between us and the Settlement Administrator; and overseeing the claims process. We conferred with each other and our colleagues about case strategy and case status while being mindful to avoid duplicative efforts between our firms.

4.      Continuing through today, we have continued to work with Defendant and the Claims Administrator regarding claims administration and processing as well as answering class members questions about the settlement and the process. We also worked with the Settlement Administrator to finalize the notice documents and the settlement website. The Settlement Administrator issued notice on September 8, 2024. Based on our past experience our law firms expect to spend another 40-50 hours seeking final approval, defending the Settlement from

potential objections, and supervising claims administration and the distribution of proceeds. Zero objections and only one (1) opt out have been submitted to-date.

5.      As of the date of filing, we have received no objections to the Settlement Agreement in general, and no objections to the proposed attorneys' fees, costs (the amount of which was made known to the Class via the Court-approved notice program) in particular.  It is our understanding that Eisner Amper, the Settlement Administrator, also has received only one opt-out and no objections. Plaintiffs will submit a declaration from Eisner Amper detailing the notice and claims administration with their Motion for Final Approval.

## THE CONTINGENT NATURE OF THE CASE

6.      Our Firms, Strauss Borrelli PLLC and Milberg Coleman Bryson Phillips Grossman, PLLC, prosecuted this case on a purely contingent basis. As such, Plaintiffs' Counsel assumed a significant risk or nonpayment or underpayment.

7.      This matter has required us, and other attorneys at our Firms, to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed significant amounts of our time and our Firm's time.

8.      Such time could otherwise have been spent on other fee-generating work. Because Plaintiffs' Counsel undertook representation of this matter on a contingency-fee basis, we shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment.

9.      If not devoted to litigating this action, from which any remuneration is wholly contingent on a successful outcome, the time Plaintiffs' Counsel spent working on this case could and would have been spent pursuing other potentially fee generating matters.

10.     Litigation is inherently unpredictable and therefore risky. Here, that risk was very real, due to the rapidly evolving nature of case law pertaining to data breach litigation, and the state of data privacy law. Therefore, despite Plaintiffs' Counsel's devotion to the case and our confidence in the claims alleged against Defendant, there have been many factors beyond our control that posed significant risks.

11.     The fees contemplated under Class Counsel's representation agreements for cases in this District and elsewhere generally fall within the one-third to 40% range. Class Counsel's and Plaintiffs' Counsel's fees were not guaranteed—the retainer agreements counsel had with Plaintiffs did not provide for fees apart from those earned on a contingent basis, and, in the case of class settlement, approved by the court.

### LODESTAR, FEES, AND EXPENSES

12.     The regular practice at each of our firms is to maintain contemporaneous time records.

13.     We set our rates for attorneys and staff members based on a variety of factors, including, among others: the experience, skill, and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; and the experience, reputation, and ability of the attorneys and staff members.

14.     Through October 21, 2024, our firms worked a total of 452.8 hours on this case, incurring fees of $310,194.40. Thus, the requested fee of $358,333.33 represents an approximate and modest 1.16 multiplier.

15.     We will spend many more hours before the close of this action in connection with drafting the final approval motion, preparing for argument at the final approval hearing, appearing for the final approval hearing, and responding to class member inquiries and claims administration.

16.     Upon request, we can provide detailed contemporaneous records to the Court for in camera review.

17.     All books and records in this case regarding costs expended were maintained in the ordinary course of business.

18.     Through October 3, 2024, we have collectively incurred $21,961.70 in reasonable expenses necessary to the litigation, which include pro hac vice fees, travel expenses, and mediation costs. However, expenses are less important here than in the typical case, because Plaintiffs seek their costs as subsumed in the overall Fee Award, not on top of the Fee Award.

**Stauss Borrelli's Lodestar, Billing Rates, and Costs**

19.     Through October 21, 2024, Strauss Borrelli has spent 202.9 hours working on this case, incurring $112,778.00in lodestar.

20.     All of the work that Strauss Borrelli undertakes is on a contingency fee basis. Strauss Borrelli expended significant costs, and a great deal of time that could have been spent on other fee-generating matters, in litigating this action. Throughout the case, Strauss Borrelli ran the risk of not realizing any monetary gain in the event of an adverse result. There was nothing theoretical about this risk. Class actions are challenging cases and plaintiffs frequently lose them outright. Strauss Borrelli experience has been no different. Strauss Borrelli sets its rates for attorneys and staff members based on a variety of factors, including, among others: the experience, skill, and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; and the experience, reputation, and ability of the attorneys and staff members. Strauss Borrelli's rates have been specifically approved by courts throughout the country on multiple occasions over many years. *See, e.g.*, *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla. June 24, 2024) (holding "Class Counsel's request for

attorneys' fees and costs is fair and reasonable, particularly in light of the results achieved…");

*Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz. Mar. 14, 2024) (finding class

counsel's amount of fees and reimbursement "fair and reasonable."); *In re C.R. England, Inc. Data*

*Breach Litig.*, 2:22-cv-374-DAK-JCB, (D. Utah Mar. 18, 2024) (same); *In re BJC Healthcare*

*Data Breach Litigation*, 2022-CC09492, (Mo. Cir. Ct., St. Louis Cty. Sept. 6, 2022) (approving

lodestar approach reasonable, "particularly considering the efforts of Class Counsel and the Class

Representatives and the results they have achieved for the Settlement Class.")

21.     The following chart details the time each attorney and staff member from Strauss

Borrelli worked on this case and their contribution to Strauss Borrelli's total lodestar:

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| Raina Borrelli (Partner) | 106.20 | $700 | $74,340.00 |
| Samuel Strauss (Partner) | 0.6 | $600 | $ 360.00 |
| Samuel Strauss (Partner) | 14.10 | $700 | $9,870.00 |
| Brittany Resch (Partner) | 2.50 | $475 | $1,187.50 |
| Alex Phillips (Partner) | 23.50 | $330 | $7,755.00 |
| Andrew Gunem (Associate) | 19.80 | $400 | $7,920.00 |
| Stephen Pigozzi (Associate) | 8.0 | $515 | $4,120.00 |
| Zog Begolli (Associate) | 7.60 | $330 | $ 2,167.50 |
| Rachel Pollack (COO) | 1 | $225 | $225.00 |
| Reza Hajisanei (Associate) | 7.6 | $330 | $2,508.00 |
| Ahleea Zama (Legal Assistant) | 3.20 | $150 | $480.00 |
| Rudis Requeno (Legal Assistant) | 8 | $150 | $1,200.00 |
| David Schmich (Legal Assistant) | 0.30 | $150 | $45.00 |

| Min Ro (Paralegal) | 3.0 | $200 | $600.00 |
|---|---|---|---|
| **TOTAL** | **202.90** | | **$112,778.00** |

22.     The time reported in the schedules set forth above has been audited to ensure that there was no unnecessary duplication of efforts. The lodestar reported in this declaration is reasonable, particularly given the need to match the thorough and high-quality legal work performed by Defendant's sophisticated counsel.

23.     Strauss Borrelli maintains contemporaneous records regarding costs expended on each case in the ordinary course of business, which books and records are prepared from expense vouchers and check and credit card records. Specifically, those costs break down as follows.

| Description | |
|---|---|
| Mediation fees | $8,375.00 |
| Appellate printing | $505.00 |
| PACER | $.40 |
| Attorney Advertising | $40.02 |
| Travel Expenses for Final Approval | $1,051.44 |
| **TOTAL** | **$9,971.86** |

24.     Those costs were necessary for Strauss Borrelli to litigate this case effectively. If requested from the Court, we would submit documentation of them in camera.

**Milberg Coleman Bryson Phillips Grossman's Lodestar, Billing Rates, and Costs**

25.     Through October 21, 2024, Milberg Coleman Bryson Phillips Grossman has worked a total of 249 hours on this case, incurring $197,416.40 in lodestar.

26.     Milberg Coleman Bryson Phillips Grossman undertook this litigation on a contingency fee basis. Strauss Borrelli expended significant costs, and a great deal of time that could have been spent on other fee-generating matters, in litigating this action. Throughout the case, Milberg Coleman Bryson Phillips Grossman ran the risk of not realizing any monetary gain in the event of an adverse result. There was nothing theoretical about this risk. Class actions are challenging cases and plaintiffs frequently lose them outright. Strauss Borrelli experience has been no different

27.     The following chart details the time each attorney and staff member from Milberg Coleman Bryson Phillips Grossman worked on this case and their contribution to Milberg Coleman Bryson Phillips Grossman's total lodestar:

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| Gary M. Klinger (Partner) | 30.40 | $850/878 | $ 26,204.00 |
| David K. Lietz (Partner) | 141.10 | $919/997/1,057 | $142,721.50 |
| Harper Segui (Partner) | 1.50 | $829 | $1,243.50 |
| John Nelson (Associate) | 10.90 | $468.00 | $5,101.20 |
| Dean Meyer (Associate) | 48.10 | $381.00 | $18,326.10 |
| Sandra Passanisi (Paralegal) | 9.10 | $208/225/239 | $1,942.00 |
| Heather Sheflin (Paralegal) | 0.80 | $225 | $189.00 |
| Tiffany Kuiper (Paralegal) | 3.60 | $208 | $748.80 |
| Kerry Brennan (Paralegal) | 0.40 | $239 | $95.60 |
| Ashley Tyrrell (Paralegal) | 3.50 | $208/239 | $743.50 |
| Amanda Mkamanga | 0.30 | $208 | $62.40 |
| Amanda Simpson | 0.20 | $239 | $47.80 |

| TOTAL | 249.90 | | $ 197,416.40 |
|---|---|---|---|

28.     The time reported in the schedules set forth above has been audited to ensure that there was no unnecessary duplication of efforts. The lodestar reported in this declaration is reasonable, particularly given the need to match the thorough and high-quality legal work performed by Defendant's sophisticated counsel.

29.     Milberg's hourly rates have been approved by a number of federal courts, including tacitly by this Court in *Kondo et al. v. Creative Services, Inc*., Case No. 1:22-cv-10438-DJC (D. Mass.). The billing rates for Milberg attorneys' are drawn from the Laffey Matrix without any deviation. The titles, billing rates, law schools, and year of graduation of the attorneys who billed time to this matter is as follows:

    a.  David Lietz.  Senior Partner $919 in 2022, $997 in 2023, $1057 in 2024 (JD Georgetown 1991)
    b.  Gary Klinger – Senior Partner $850 in 2023, $878 in 2024  (JD Illinois 2010)
    c.  Harper Segui – Senior Partner $829 in 2023 (JD Mercer 2006)
    d.  John Nelson – Associate $468 in 2023 (JD San Diego 2017)
    e.  Dean Meyer – Associate $413 in 2023 (JD Northwestern 2021)

30.     Milberg Coleman Bryson Phillips Grossman maintains contemporaneous records regarding costs expended on each case in the ordinary course of business, which books and records are prepared from expense vouchers and check and credit card records. Specifically, those costs break down as follows.

| Description | |
|---|---|
| Mediation fees | $8,375.00 |
| Appellate printing | $1,442.34 |
| Travel expenses for appeal | $1,123.06 |

| | |
|---|---|
| Travel expenses for final approval | $611.44 |
| Filing fees | $438.00 |
| **TOTAL** | $11,989.84 |

31.     Those costs were reasonably necessary for Milberg Coleman Bryson Phillips Grossman to litigate this case effectively. If requested from the Court, it would submit documentation in camera.

32.     The above costs are reasonable, and necessary for the litigation, and are modest in comparison to the enormous costs that likely would have been incurred if litigation had continued. Reimbursement of these costs is sought in addition to the attorneys' fees requested.  Based upon our past experience, the amount of out-of-pocket case expenses will increase prior to Final Approval, and will include additional travel expenses to appear at the Final Approval Hearing (if applicable).

33.     The Settlement Agreement calls for reasonable service awards to Plaintiffs in the amount of $5,000 each, subject to approval of the Court, in addition to any benefits provided to Settlement Class Members and the costs of notice and settlement administration and separate from any award of attorneys' fees and costs. The Service Awards are meant to recognize Plaintiffs for their efforts on behalf of the Class, including assisting in the investigation of the case, maintaining contact with counsel, reviewing the pleadings, answering counsel's many questions, communicating with counsel during the settlement negotiations, and reviewing the terms of the Settlement Agreement. Plaintiffs also put their personal reputations at risk, suing a potential or former employer, and put themselves forward for public scrutiny. Plaintiffs were not promised an service award, nor did they condition their representation on the expectation of an incentive award.

34.     We strongly believe that the Settlement Agreement is favorable for the Settlement Class.  The Settlement addresses the type of injury and repercussions sustained by Settlement Class Members in the wake of the Data Incident. The settlement was achieved in a case that was both risky and complex. In the opinion of the undersigned and other Class Counsel, the settlement is fair, reasonable, adequate, as are the attorneys' fees, expenses, and service awards requested here.

35.     Although Plaintiffs believe in the merits of their claims, this litigation was inherently risky and complex. The claims involve the intricacies of data breach litigation (a fast-developing area in the law), and the Plaintiffs would face risks at each stage of litigation. Against these risks, it was through the hard-fought negotiations and the skill and hard work of Settlement Class Counsel and the Class Representatives that the Settlement was achieved for the benefit of the Settlement Class.

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

I, Raina C. Borrelli, declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that that foregoing is true and correct.

Executed this 25th day of October, 2024 at Eagan, Minnesota.

By:  */s/ Raina C. Borrelli*
     Raina C. Borrelli (*pro hac vice*)
     STRAUSS BORRELLI PLLC
     One Magnificent Mile
     980 N Michigan Avenue, Suite 1610
     Chicago IL, 60611
     Telephone: (872) 263-1100
     Facsimile: (872) 263-1109
     raina@straussborrelli.com

I, David K. Lietz, declare under penalty of perjury under the laws of the Commonwealth of Massachusetts that that foregoing is true and correct.

Executed this 25th day of October, 2024 at Washington, D.C.

*David K Lietz*

_____

DAVID K LIETZ

David K. Lietz (admitted *pro hac vice*)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
5335 Wisconsin Avenue NW, Suite 440
Washington, D.C. 20015-2052
Phone: (866) 252-0878
Email: dlietz@milberg.com

*Attorney for Plaintiffs and the Proposed Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I, Raina C. Borrelli, hereby certify that on October 25 2024, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of

such filing to counsel of record, below, via the ECF system.

DATED this 25th day of October, 2024.

STRAUSS BORRELLI PLLC

By:  *<u>/s/ Raina C. Borrelli</u>*
     Raina C. Borrelli
     raina@straussborrelli.com
     STRAUSS BORRELLI PLLC
     One Magnificent Mile
     980 N Michigan Avenue, Suite 1610
     Chicago IL, 60611
     Telephone: (872) 263-1100
     Facsimile: (872) 263-1109

13