## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| ALEXSIS WEBB and MARSCLETTE CHARLEY, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>INJURED WORKERS PHARMACY, LLC,<br><br>    Defendant. | Case No. 1:22-cv-10797-RGS |

### FINAL APPROVAL ORDER AND JUDGMENT

WHEREAS, the Court, having considered the Settlement Agreement filed July 31, 2024 (the "Settlement") between and among Alexsis Webb and Marsclette Charley ("Plaintiffs" or "Settlement Class Representatives"), individually and on behalf of the Settlement Class (defined below); and (ii) Injured Workers Pharmacy, LLC ("Defendant" or "IWP"), having considered the Court's August 9, 2024 Order Granting Preliminary Approval of Class Action Settlement Agreement and Conditionally Certifying Settlement Class for Settlement Purposes Only ("Preliminary Approval Order"), having held a Final Approval Hearing on January 16, 2025, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.    Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement and Award of Attorneys' Fees, Costs, and Expenses, and Class Representative Service Awards is GRANTED.

- 1 -

2.      This Order and Judgment incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order and Judgment.

3.      The Court has personal jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Action with prejudice.

## I.    CERTIFICATION OF THE SETTLEMENT CLASS

4.      Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Nationwide Class (the "Settlement Class") for settlement purposes only:

> All individuals residing in the United States for whom Defendant has contact information and/or identifying information, such as date of birth or Social Security number, whose Personal Information was potentially compromised in the Data Incident disclosed by Injured Workers Pharmacy in February 2022.

5.      Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families, and; (2) the Defendant, their subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest, and their current or former officers and directors.

6.      Also excluded from the Settlement Class are those persons identified in Exhibit A hereto, each of whom submitted a timely and valid Request for Exclusion from the Settlement

Class prior to the Opt-Out Deadline. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Order and Judgment.

7.      For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to <u>Federal Rule of Civil Procedure 23</u> have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy. Any objections to the Settlement have been considered and are hereby overruled.

## II.     NOTICE TO THE SETTLEMENT CLASS

8.      The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

9.      Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

## III.    FINAL APPROVAL OF THE SETTLEMENT

10.     The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

11.     The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

12.     The Court finds that Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

13.     The Settling Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV.    DISMISSAL OF CLAIMS AND RELEASE

14.     The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

15.     Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, each of the Plaintiffs, the Participating Settlement Class Members, and to each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them ("Releasors"), shall be deemed to have fully, finally, and forever released, release, acquit, and forever discharge Defendant and each of

- 4 -

its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and

assigns, Board of Trustees, and the present and former directors, officers, employees, agents,

insurers, reinsurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint

venturers, independent contractors, wholesalers, resellers, distributors, retailers, and the

predecessors, successors, and assigns of each of them as well as covered entities associated with

the Data Incident ("Released Parties") from all liabilities, rights, claims, actions, causes of action,

demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or

unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal,

statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Incident,

and conduct that was alleged or could have been alleged in the Litigation, including, without

limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies

relating to, based upon, resulting from, or arising out of the Data Incident (the "Released Claims"),

provided that nothing in this Release is intended to, does or shall be deemed to release any claims

not arising out of, based upon, resulting from, or related to the Data Incident.

## V. ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARD

16. The Court awards attorneys' fees of $358,333.33 and reimbursement of costs and

expenses in the amount of $~~21,961.70~~ *less 21,961.70*, and payment of a service award in the amount of

$5,000 each to Plaintiffs. The Court directs the Claims Administrator to pay such amounts in

accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised

reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the

Court among Plaintiffs' counsel of record in the Action.

## VI.     OTHER PROVISIONS

17.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains continuing and exclusive jurisdiction over the Settling Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

18.     Nothing in this Final Approval Order and Judgment, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

19.     In the event the Effective Date does not occur, this Final Approval Order and Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and Judgment and all orders entered in connection herewith shall be vacated and null and void, the Settling Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated: *1-16-25*

By: _____
The Honorable Richard G. Stearns
United States District Court Judge

[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT